United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID GENE LANCASTER,                )        No. C 10-1418 MMC (PR)
                                     )
            Petitioner,              )        **ORDER GRANTING MOTION TO
                                     )        DISMISS PETITION FOR WRIT OF
      v.                             )        HABEAS CORPUS; DENYING
                                     )        CERTIFICATE OF
BEN CURRY, Warden,                   )        APPEALABILITY**
                                     )
            Respondent.              )        **(Docket No. 7)**
_____ )

17        On April 5, 2010, petitioner, a California prisoner incarcerated at the Correctional

18   Training Facility at Soledad, California, and proceeding pro se, filed the above-titled petition

19   for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2008 decision by the

20   California Board of Parole Hearings ("Board") to deny petitioner parole.  Thereafter, the

21   Court ordered respondent to show cause why the petition should not be granted or,

22   alternatively, to file a motion to dismiss.

23        Now pending before the Court is respondent's motion to dismiss the petition on the

24   ground the petition fails to present a cognizable claim for federal habeas corpus relief.

25   Petitioner has opposed the motion and respondent has filed a reply.

26                                    **BACKGROUND**

27        According to the allegations in the petition, in 1991, in the Superior Court of San

28   Joaquin County ("Superior Court"), petitioner was found guilty of second degree murder.  He

United States District Court

For the Northern District of California

1   was sentenced to a term of fifteen years to life in state prison.  The conviction was affirmed

2   on appeal; petitioner does not state whether he sought review from the California Supreme

3   Court.

4        Petitioner's fifth parole suitability hearing, which is the subject of the instant petition,

5   was held on September 4, 2008.  At the conclusion of the hearing, the Board, after having

6   reviewed the facts of the commitment offense, petitioner's social and criminal history, his

7   employment, educational and disciplinary history while incarcerated, and his mental health

8   reports, found petitioner was not yet suitable for parole and would pose an unreasonable risk

9   of danger to society or threat to public safety if released from prison.  (Pet. Ex. 1 (Parole

10  Hearing Transcript) at 83-92.)[1]

11       After he was denied parole, petitioner filed a habeas petition in the Superior Court,

12  challenging the Board's decision.  In an opinion filed June 5, 2009, the Superior Court denied

13  relief, finding the Board properly applied state parole statutes and regulations to find

14  petitioner unsuitable for parole, and that some evidence supported the Board's decision.  (Pet.

15  Ex. 3.)  Petitioner next filed a habeas petition in the California Court of Appeal; the Court of

16  Appeal summarily denied the petition on August 14, 2009.  (Pet. Ex. 3.)  Petitioner then filed

17  a habeas petition in the California Supreme Court; the petition was summarily denied on

18  February 10, 2010.  (Pet. Ex. 3.)

19       Petitioner next filed the petition herein, claiming the decision to deny parole violated

20  his right to due process because the decision was not supported by some evidence that

21  petitioner at that time posed a danger to society if released, but, instead, was based solely on

22  the unchanging circumstances of the commitment offense.

## DISCUSSION

24      A federal district court may entertain a petition for a writ of habeas corpus "in behalf

25  of a person in custody pursuant to the judgment of a State court only on the ground that he is

26  in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

27

28      [1]Unless otherwise noted, all references herein to exhibits are to exhibits submitted by petitioner in support of the petition.

2

§ 2254(a).

As noted, petitioner claims the Board's decision to deny parole violated petitioner's federal constitutional right to due process because the decision was not supported by some evidence that petitioner at that time posed a danger to society if released, but, instead, was based solely on the unchanging circumstances of the commitment offense.  Respondent moves to dismiss the petition on the ground that petitioner's claim is not cognizable in federal habeas corpus.  For the following reasons, the Court will grant the motion to dismiss.

Under California law, prisoners serving indeterminate life sentences, like petitioner here, become eligible for parole after serving minimum terms of confinement required by statute.  In re Dannenberg, 34 Cal. 4th 1061, 1078 (2005).  Regardless of the length of time served, "a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison."  Cal. Code Regs. tit. 15 ("CCR"), § 2402(a).  In making the determination as to whether a prisoner is suitable for parole, the Board must consider various factors specified by state statute and parole regulations.  In re Rosenkrantz, 29 Cal. 4th 616, 654 (2002); see CCR § 2402(b)–(d).  When a state court reviews a Board's decision denying parole, the relevant inquiry is whether "some evidence" supports the decision of the Board that the inmate poses a current threat to public safety.  In re Lawrence, 44 Cal. 4th 1181, 1212 (2008).

Federal habeas corpus relief is unavailable for an error of state law.  Swarthout v. Cooke, 131 S. Ct. 859, 861 (per curiam) (2011).  Under certain circumstances, however, state law may create a liberty or property interest that is entitled to the protections of federal due process.  In particular, while there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979), a state's statutory parole scheme, if it uses mandatory language, may create a presumption that parole release will be granted when, or unless, certain designated findings are made, and thereby give rise to a constitutionally protected liberty interest.  See id. at 11-12.  The Ninth Circuit has determined California law creates such a liberty interest in release on parole.  Cooke, 131 S. Ct. at 861-

3

United States District Court

For the Northern District of California

1    62.

2         When a state creates a liberty interest, the Due Process Clause requires fair procedures

3    for its vindication, and federal courts will review the application of those constitutionally

4    required procedures.  Id. at 862.  In the context of parole, the procedures necessary to

5    vindicate such interest are minimal: a prisoner receives adequate process when "he [is]

6    allowed an opportunity to be heard and [is] provided a statement of the reasons why parole

7    was denied."  Id.  "The Constitution," [the Supreme Court has held], "does not require

8    more."  Id.

9         Here, petitioner does not maintain either in his petition or in opposition to the instant

10   motion to dismiss that he was denied an opportunity to speak at his hearing and contest the

11   evidence against him, that he was denied access to his record in advance, or that he was not

12   notified of the reasons why parole was denied.  Rather, in response to respondent's argument

13   that petitioner's allegations do not state a cognizable claim for federal habeas relief,

14   petitioner asserts that the United States Supreme Court's holding in Cooke does not preclude

15   this Court from finding the Due Process Clause requires a decision denying parole be

16   supported by some evidence of the prisoner's future dangerousness.  Contrary to petitioner's

17   assertion, however, the Ninth Circuit has expressly found that Cooke forecloses any such

18   argument.  See Pearson v. Muntz, No. 08-55728, --- F.3d ---, 2011 WL 1238007, at *5 (9th

19   Cir. Apr. 5, 2011) ("Cooke was unequivocal in holding that if an inmate seeking parole

20   receives an opportunity to be heard, a notification of the reasons as to denial of parole, and

21   access to their records in advance, that should be the beginning and end of the inquiry into

22   whether the inmate received due process.") (alterations, internal quotation and citation

23   omitted); id. (reversing district court's pre-Cooke grant of habeas relief on petitioner's "some

24   evidence" claim; finding no further due process inquiry required because petitioner had never

25   argued he was not provided procedures set forth in Cooke).

26        As the claim raised by petitioner in the instant petition pertains solely to the

27   sufficiency of the evidence relied upon by the Board to deny parole, and such claim is clearly

28   foreclosed by Cooke, petitioner has failed to present a constitutionally cognizable claim for

4

1   the denial of due process.  Accordingly, the motion to dismiss the petition will be granted.

2                        **CERTIFICATE OF APPEALABILITY**

3        A certificate of appealability will be denied with respect to petitioner's claims.  See 28

4   U.S.C. § 2253(c)(1)(a); Rules Governing Habeas Corpus Cases Under § 2254, Rule 11

5   (requiring district court to issue or deny certificate of appealability when entering final order

6   adverse to petitioner).  Specifically, petitioner has failed to make a substantial showing of the

7   denial of a constitutional right, as he has not demonstrated that reasonable jurists would find

8   the Court's assessment of the constitutional claims debatable or wrong.  Slack v. McDaniel,

9   529 U.S. 473, 484 (2000).

10                              **CONCLUSION**

11       For the reasons stated above, the Court orders as follows:

12       1.  Respondent's motion to dismiss the petition is hereby GRANTED.

13       2.  A certificate of appealability is hereby DENIED.

14   This order terminates Docket No. 7.

15   The Clerk shall enter judgment in favor of respondent and close the file.

16   IT IS SO ORDERED.

17 DATED: April 21, 2011

18                                   _____
19                                   MAXINE M. CHESNEY
                                     United States District Judge

20

21

22

23

24

25

26

27

28

5